UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald B. Jones, *a.k.a. Ronald Bernard Jones*, | ) C/A No.6:09-3012-DCN-WMC ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| Det. Lt. M. Mason; Det. Sgt. Shuler, B.R., | ) **Report and Recommendation** ) ) |
| Defendants. | ) ) |

The Plaintiff, Ronald B. Jones (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Hill-Finklea Detention Center (HFDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names two employees of the Berkeley County Sheriff's Department as Defendants.[2] The complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

*v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth

a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

The instant complaint indicates that Plaintiff has been accused of numerous burglaries and one count of receiving and possessing stolen goods. Plaintiff alleges that the Defendants, who are detectives with the Berkeley County Sheriff's Department, published lies about Plaintiff by putting "down on Paper things that [Plaintiff] did not do." Plaintiff further claims the Defendants have defamed his reputation via "destroying libel or slander of a person['s] life. Also perjury." Plaintiff believes the Defendants are "making up false statements against the accused person, and making up false witnesses against the accused to get a conviction." Plaintiff seeks monetary relief for the Defendants' actions.

## Discussion

Plaintiff's complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

3

Plaintiff claims Defendants Mason and Shuler made false statements, which resulted in damage to the Plaintiff's reputation. However, injury to reputation alone is not a liberty interest protected by the constitution. *Siegert v. Gilley*, 500 U.S. 226, 233 (1991), citing *Paul v. Davis*, 424 U.S. 693, 708-709 (1976). *See also Wagner v. Wheeler*, 13 F.3d 86, 93 (4th Cir. 1993). Further, "§ 1983 cannot be used as a vehicle for asserting a claim of defamation." *Wildauer v. Frederick County*, 993 F.2d 369, 373 (4th Cir. 1993). Therefore, Plaintiff's claim, that the Defendants made false or defamatory statements which constituted libel and slander, fails to allege an injury to a constitutionally protected right.

Civil actions for state law claims, such as defamation, may be cognizable in a federal court under the diversity statute, if that statute's requirements are satisfied. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992). However, The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). In the instant action, Plaintiff provides service documents which indicate that he and both of the Defendants are residents of South Carolina. Therefore, diversity jurisdiction is lacking in the present case.

It is noted that Plaintiff cites to the Federal Freedom of Information Act (FOIA) in the complaint. However, Plaintiff is not entitled to relief under the Federal FOIA, codified at 5 U.S.C. § 552 *et seq*. The Federal FOIA is applicable to agencies or departments of the

4

Government of the United States, and is not applicable to agencies or departments of a State. See, e.g., *Grand Cent. Partnership, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999) ("it is beyond question that FOIA applies only to federal and not to state agencies"); *Philip Morris, Inc., v. Harshbarger*, 122 F.3d 58, 83 (1st Cir. 1997) ("FOIA . . . applies only to federal executive branch agencies"); *St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1373 (9th Cir. 1981) (definition of "agency" under FOIA "does not encompass state agencies or bodies"); *Johnson v. Wells*, 566 F.2d 1016, 1018 (5th Cir. 1978) (state board of parole not agency within meaning of FOIA). In the instant action, Plaintiff seeks relief against local government employees. As such, any Federal FOIA claim the Plaintiff may be attempting to allege is subject to summary dismissal.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

s/William M. Catoe
United States Magistrate Judge

December 4, 2009
Greenville, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).